UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

PABLO GOMEZ,

      Petitioner,

    v.                                                     Case No.:  2:26-cv-00103-SPC-DNF

DEPARTMENT OF HOMELAND
SECURITY,

      Respondent,

                                   /

## OPINION AND ORDER

Before the Court is Pablo Gomez's *pro se* Petition for a Writ of Habeas Corpus (Doc. 1).  Gomez claims his detention in Alligator Alcatraz violates the Fifth Amendment's Due Process Clause.  But the petition is unsigned. "Application for a writ of habeas corpus shall be in writing *signed and verified* by the person for whose relief it is intended or by someone acting in his behalf." 28 U.S.C. § 2242.

It appears Gomez's cousin Slina Carrera filed the petition on Gomez's behalf.  The latter part of § 2242 codifies the common law tradition of permitting a "next friend" to litigate on behalf of a detained person who is unable to seek relief himself, "usually because of mental incompetence or inaccessibility."  *Whitmore v. Arkansas*, 495 U.S. 149, 162 (1990).  But "'next friend' standing is by no means granted automatically to whomever seeks to

pursue an action on behalf of another." *Id.* 1t 163. The "next friend" must adequately explain why the detainee cannot appear on his own behalf to prosecute the action, and he must be truly dedicated to the best interests of the detainee. *Id.* "The burden is on the 'next friend' clearly to establish the propriety of his status and thereby justify the jurisdiction of the court." *Id.* at 164.

Because Gomez's petition does not satisfy the signature and verification requirement, it is **DISMISSED without prejudice**. Gomez may file a signed and verified amended petition within **21 days** of this order. If someone seeks to file on Gomez's behalf, they must establish the propriety of "next friend" status.

**DONE AND ORDERED** in Fort Myers, Florida on January 30, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1